UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INNOVATIVE SPORTS
MANAGEMENT, INC.,

    Plaintiff,

v.                                                                    Case No: 8:20-cv-379-CEH-AEP

SOMBREROS LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Motion for Entry of Default Judgment and Incorporated Memorandum of Law. [Doc. 17]. There, Plaintiff seeks an order granting default judgment against Defendant Sombreros, LLC. *Id.* The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Entry of Default Judgment and Incorporated Memorandum of Law.

**I.    BACKGROUND**

Plaintiff Innovative Sports Management, Inc. is a New Jersey Corporation, which owned the "Canelo Alvarez v. Rocky Fielding Boxing Event" that was scheduled for December 15, 2018, via closed circuit television and via encrypted satellite. [Doc. 1 ¶¶ 6, 20]. For a licensing fee, Plaintiff allowed various entities in Florida to publicly exhibit the broadcast to their patrons. *Id.* ¶ 22. The broadcast was also available for non-commercial, private viewing through Plaintiff's or its authorized

platforms for residential Pay-Per-View purchase and consumption via the internet. *Id.* ¶ 23. In order for anyone to obtain the broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for noncommercial, personal use only. *Id.* ¶ 24. The broadcast originated via satellite link and was re-transmitted to cable systems and satellite companies via satellite signal. *Id.* ¶ 21. Upon payment of the appropriate fee, Plaintiff authorized and enabled subscribers to unscramble and receive the satellite broadcast. *Id.* ¶ 22.

Defendant Sombreros LLC, a Florida limited liability company, advertised on social media the exhibition of Plaintiff's broadcast at its commercial establishment known as El Sombrero, with a cover charge of $15.00 per person. *Id.* ¶¶ 12, 13, 14. Defendant ordered programming for residential use. *Id.* ¶ 26. It did not enter an agreement with Plaintiff for commercial exhibition of the broadcast. *Id.* ¶ 25. With full knowledge of this, Defendant and/or its agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled Plaintiffs satellite signal and exhibited the broadcast at El Sombrero to patrons, without paying the commercial license rate for the broadcast. *Id.* ¶¶ 17, 18, 26, 27. Defendant willfully did so for the purpose of commercial advantage or financial gain, and did in fact receive a commercial benefit from its exhibition of the broadcast. *Id.* ¶¶ 18, 25.

On February 19, 2020, Plaintiff filed this action against Defendant and its officer, director, shareholder, principal, manager and/or member David Scalisi.[1] [Doc. 1]. Count I alleges that Defendant willfully violated 47 U.S.C. §605(a), which prohibits the unauthorized reception and publication or use of communications such as the transmission for which Plaintiff had the distribution rights thereto. *Id.* ¶¶ 28, 29. In Count II, Plaintiff alleges that Defendant willfully violated 47 U.S.C. §553, which prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments. *Id.* ¶¶ 35, 36. Lastly, Count III alleges that Defendant's public exhibition of the broadcast, without the proper authority or license from Plaintiff, constituted an infringement of Plaintiff's exclusive rights and a willful violation of 17 U.S.C. §501(a). *Id.* ¶¶ .

The summons was issued on February 20, 2020, and served on Defendant's registered agent Beth Ebersole on March 4, 2020. [Docs. 8, 10]. Several months later, September 10, 2020, Plaintiff moved for a Clerk's default against Defendant. [Doc. 11]. That motion was granted. [Doc. 13]. Plaintiff now moves for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). [Doc. 17 at p. 5].

## II.   LEGAL STANDARD

A default judgment may be entered when "a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by

---

[1] The claims against Mr. Scalisi have since been dismissed. [Doc. 14].

affidavit or otherwise." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Typically, allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). However, facts that are not well-pleaded or conclusions of law are not accepted as fact. *Id.* The Eleventh Circuit has likened this standard to the standard under a Rule 12(b)(6) motion to dismiss. *Id.*

## III.    DISCUSSION

### Subject Matter Jurisdiction

In determining whether default judgment is proper, a court must assess whether jurisdiction exists. *See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984). The complaint alleges that this Court has jurisdiction under 17 U.S.C. §101, et seq., 28 U.S.C. § 1331, and 28 U.S.C. §1338(a). The Court agrees that it has jurisdiction over the subject matter of this cause. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The causes of action asserted against Defendant arise under laws of the United States, specifically the Communications Act of 1934, 47 U.S.C. §§ 553 and 605, and the Copyright Act of 1976, 17 U.S.C. §50l(a).

### Personal Jurisdiction

The Court also has personal jurisdiction over Defendant. In assessing personal jurisdiction, the Court must first assess the validity of service of process. *See In re*

*Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (stating that "insufficient service of process . . . implicates personal jurisdiction and due process concerns"). In Florida, service of process on limited liability companies (LLCs) is governed by section 48.062, Florida Statutes. The statute sets forth detailed guidelines as to serving process on a domestic or foreign LLC and should "be strictly construed to insure that a defendant receives notice of the proceedings." *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005) (quoting *Carter v. Lil' Joe Records,* 829 So.2d 953 (Fla. 4th DCA 2002)). Under the statute, process may be served on the LLC's registered agent. Fla. Stat. § 48.062(1). If the LLC does not have a registered agent or the registered agent "cannot with reasonable diligence be served," process may be served on a member or manager of the LLC. Fla. Stat. 48.062(2).

"[A] plaintiff bears the ultimate burden of proving valid service of process." *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir.), *cert. denied*, 140 S. Ct. 575, 205 L. Ed. 2d 358 (2019). "In analyzing whether service is proper, the return of service is the point of departure." *Bennett v. Christiana Bank & Tr. Co.*, 50 So. 3d 43, 45 (Fla. 3d DCA 2010). "If the return [of service] is regular on its face, then the service of process is presumed to be valid." *Morales L. Grp., P.A. v. Rodman*, 305 So. 3d 759, 761 (Fla. 3d DCA 2020) (quoting *Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)). "'Regular on its face' means the return of service attests to all the information required by the service statute." *Friedman*, 777 F. App'x at 331. "[I]f the return is defective on its face, it cannot be relied

5

upon as evidence that the service of process was valid." *Re-Emp. Servs., Ltd.*, 969 So. 2d at 471 (citing *Klosenski v. Flaherty,* 116 So.2d 767, 769 (Fla.1959)). "When there is an error or omission in the return of service, personal jurisdiction is suspended and it 'lies dormant' until proper proof of valid service is submitted." *Id.*

The affidavit of service filed with the Court is regular on its face. [Doc. 10]. It indicates that service was made on Beth Ebersole, the registered agent of Sombreros, LLC on March 4th, 2020. *Id.* at p. 1. The affidavit includes a physical description of Beth Ebersole and states that she affirmatively replied that she was authorized to accept service on Defendant's behalf. *Id.* It indicates the time the summons was served, the accompanying documents, and the address of service at 1990 Main Street Suite 801, Sarasota, FL. *Id.* It therefore attests to all the required information, such that service on Defendant is presumed valid, *Morales L. Grp., P.A.*, 305 So. 3d at 761, and the exercise of jurisdiction over Defendant proper.

<u>Sufficiency of Pleading</u>

Counts II and III of the complaint are pleaded in shotgun fashion and subject the complaint to dismissal without prejudice. The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). They include: "(1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that

6

assert multiple claims against multiple defendants without specifying which applies to which." *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016) (citing *Weiland*, 792 F.3d at 1321–23).

The complaint here is of the first type. Each count specifically incorporates the preceding numbered paragraphs. Count II includes the allegations of Count I and Count III is a combination of the entire complaint. All allegations of Count I are offered to support counts II and III. Although the causes of action are similar and are based on the same facts, this manner of pleading muddles the claims asserted in Counts II and III of the complaint, *Weiland*, 792 F.3d at 1323, and impedes the orderly, efficient, and economic disposition of the dispute, *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). It demands sifting through the preceding allegations to determine which allegations are offered to support Counts II and III. *See Sundesa, LLC v. JH Studios, Inc.*, No. 8:19-CV-1809-T-36AAS, 2020 WL 4003127, at *7 (M.D. Fla. July 15, 2020). When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court will therefore dismiss the complaint as a shotgun pleading. Accordingly, it is

**ORDERED**:

> 1. Plaintiff's Motion for Entry of Default Judgment and Incorporated Memorandum of Law [Doc. 17] is denied. The Complaint is dismissed,

without prejudice, as a shotgun complaint. Plaintiff shall file an amended complaint no later than June 17, 2021, and shall serve this complaint in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Tampa, Florida on June 10, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any